IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| KURT KANAM, | |
|---|---|
| Plaintiff, | Case No. 3:15-cv-00214-RRB |
| vs. | **ORDER DISMISSING COMPLAINT** |
| CAREY MILLS, *et al.*, | |
| Defendants. | |

At **Docket 5** Defendant Carey Mills has moved for an Order dismissing the case for failure to exhaust administrative remedies. Plaintiff Kurt Kanam has opposed the motion.[1] Although the time therefore has lapsed, Mills has not replied. Neither party has requested oral argument and the Court has determined that oral argument would not materially assist the Court in resolving the issue presented. Accordingly, the matter is submitted for decision on the moving and opposing papers.[2]

I.  GRAVAMEN OF COMPLAINT

The controversy between Mills and Kanam involves Kanam's mining claim, the subject of a private mining contest pending in the Department of the Interior, Office of Hearings and Appeals ("DOI"), Case No. AAFF 096515.[3] Although it is not entirely clear

---

[1] Docket 7.

[2] D.Ak. LR 7.2.

[3] In addition to Mills, Kanam has named as Defendants in this action, Harvey Sweitzer, Administrative Law Judge ("ALJ"), Department of the Interior, and the United
(continued...)

from the Complaint, it appears that Kanam is challenging the legitimacy of the private mining contest proceeding in general and, in particular, the order of the DOI requiring Kanam to disclose to Mills the location of valuable mineral deposits on the disputed claim. In his Complaint Kanam seeks a declaratory ruling that Mills lacks standing to maintain a private mining contest, a protective order barring the DOI from disclosing the location of the gold on Kanam's claim, and a stay of the proceedings before the DOI pending a final determination in *Mills v. Wood*, Case No. 4:10-cv-00333-RRB, also pending before this Court.[4]

## II.   ISSUE PRESENTED

Whether this action, brought prior to the completion of administrative proceedings pending before the DOI, must be dismissed as premature.

## III.   STANDARD

A party must bring a motion to dismiss for lack of subject-matter jurisdiction before filing a responsive pleading.[5] Federal courts possess only that power authorized by Constitution and statute, which may not be expanded by judicial decree. It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing jurisdiction rests

---

[3](...continued)
States ("Federal Defendants"). Also pending before the Court is Kanam's Motion to Extend Time for Service. Docket 11. Although more than 120 days have lapsed since the Complaint was filed, It does not appear from the record that the Federal Defendants have been served.  *See* Fed. R. Civ. P. 4(m).

[4] The Court takes judicial notice of that action. Fed. R. Evid. 201.

[5]  Fed. R. Civ. P. 12(b).

upon the party asserting jurisdiction.[6] Subject-matter jurisdiction is ordinarily determined on the facts that exist at the time the complaint is filed; subsequent changes can neither confer nor defeat subject-matter jurisdiction.[7]

Sovereign immunity is an important limitation on the subject-matter jurisdiction of federal courts. The United States may only be sued to the extent that it has waived its sovereign immunity.[8] Exhaustion of administrative remedies, i.e., the failure to utilize available administrative agency remedies prior to resort to the courts, part of sovereign immunity, is also jurisdictional.[9] Failure to exhaust may also be raised for the first time on appeal or addressed by the court *sua sponte*.[10]

The Administrative Procedures Act provides:

Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.[11]

---

[6] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

[7] *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 570 n. 4 (1992); *Dunmore v. United States*, 358 F.3d 1107, 1113 (9th Cir. 2004).

[8] *Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006).

[9] *Vacek, supra*.

[10] *See Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 673 (9th Cir. 1993).

[11] 5 U.S.C. § 704.

ORDER DISMISSING COMPLAINT - 3
*Kanam v. Mills*, Case No. 3:15-cv-00214-RRB

The Supreme Court has held that in enacting this provision Congress effectively codified the doctrine of exhaustion of remedies in the APA.[12] Thus, an agency action must be final, i.e., all administrative remedies must be exhausted prior to bringing suit.[13]

## IV. DISCUSSION

As relevant to the pending motion the following facts are undisputed.[14]

<u>September 30, 2015</u> – The ALJ ordered Kanam to respond to the Contestant's motion for summary judgment, required Kanam to disclose the alleged discovery locations, and explained that Kanam could seek a protective order before disclosing those locations. The ALJ set a deadline for compliance of November 5, 2014.[15]

<u>November 4, 2015</u> – Kanam filed his Complaint in this matter.[16]

<u>November 10, 2014</u> – After receiving documents from Kanam, including a copy of the Complaint filed herein, the ALJ issued a "Clarification." In that "Clarification" the ALJ made clear:

> This Office did not intend to suggest that Contestee should seek a protective order from the Federal District Court for the District of Alaska. Instead, the protective order this Office intends will be issued by the undersigned and will prohibit Contestant from disclosing the ADL's to anyone besides Contestant's mineral examiner and anyone else assisting in sampling the claims. The protective order requires these individuals to agree not to disclose the locations of the ADL's to anyone and not to extract material from the ADL's except for the purpose of sampling the claims. If Contestee prevails in this proceeding, the protective order will remain in

---

[12] *Darby v. Cisneros*, 509 U.S. 137, 146, 153–54 (1993).

[13] *San Carlos Apache Tribe v. United States*, 417 F,3d 1091, 1096 (9th Cir. 2005).

[14] As set forth in the Memorandum to Dismiss for Lack of Jurisdiction at Docket 6.

[15] Docket 6-1.

[16] Docket 1.

effect permanently. If Contestant prevails in this proceeding, the protective order will be lifted after Contestee exhausts any appeal rights.

An unsigned, undated copy of the above-referenced protective order is attached to this Order. If Contestant, his mineral examiner, and any additional assistant(s) agree to its terms, they are asked to sign and return the document to this Office. The protective order will not be effective until it is also signed by me and copies are delivered to both parties. This Office will not release Contestee's map and naritive [sic] description of his ADL's until the protective order is signed and fully issued.[17]

The Protective Order provided:

> (1) that he or she will not use or disclose the situs of each of Contestee's ADL's except in the context of the above-captioned proceeding, unless disclosure is required by law;
> (2) that he or she will not remove more earth from the ADL's (or any other portion of the Contestee's above-referenced mining claims) than is necessary to test and analyze the earth in support of Contestant's Complaint in the above-captioned mining contest; and
> (3) that he or she will return to Contestee within sixty (60) days of the date of a decision final for the U.S. Department of the Interior which resolves the above-captioned mining contest:
>   (a) all documents or copies thereof identifying the situs of each of Contestee's ADL's, and
>   (b) all gold or other valuable mineral recovered from the earth samples taken from Contestee's above-referenced mining claims.[18]

Kanam has cited no authority supporting his argument that he should not be compelled to provide the information regarding the validity of his mining claim in a proceeding challenging that claim. It is well-established that protective orders to prevent the unauthorized disclosures of proprietary information are often used in both judicial and quasi-judicial proceedings. Indeed, Kanam's argument appears to be based upon a perception that, because he is a convicted felon, Mills will disregard the earth removal restrictions in the Protective Order and cause substantial physical damages to the claim.

---

[17] Docket 6-2, pp. 2–3 (footnote omitted).

[18] *Id.*, pp. 6–7.

The Court is not inclined to enjoin future actions based upon speculation and conjecture. As the Supreme Court has stated: "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[19]  The Supreme Court succinctly stated the general rule as follows:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.[20]

The limitations on the authority of this Court to enjoin an administrative proceeding coupled with the subject-matter jurisdiction of this Court to review decisions of the Secretary of the Interior precludes the Court from granting Kanam the relief he seeks in this case.

The ALJ also rejected Kanam's challenge to Mill's right to contest Kanam's mining claim.  The Court agrees with the well-reasoned decision of the ALJ.[21]

The Court has considered the other matters raised by Kanam and finds them to be inapposite or without merit.

**V.    ORDER**

Based upon the foregoing, Defendant's Motion to Dismiss for Lack of Jurisdiction at **Docket 5** is **GRANTED**.

---

[19]  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

[20]  *Id.* at 20.

[21]  Docket 6-2, pp. 3–4.

The Complaint on file herein is hereby **DISMISSED** in its entirety without prejudice.

Plaintiff Kanam's Motion to Extend Time for Service at **Docket 11** is hereby **DENIED** as moot.

The Clerk of the Court is directed to enter judgment accordingly.

The Clerk of the Court is further directed to transmit a copy of this Order and the Judgment to the United States Attorney for the District of Alaska.

**IT IS SO ORDERED** this 21st day of April, 2016.

S/ RALPH R. BEISTLINE  
UNITED STATES DISTRICT JUDGE